Mary L. Gillespie, Respondent, v. St. Louis, Kansas City, and Northern Railway Company, Appellant.

February 25, 1879.

1. In an action by a passenger against a carrier for negligence, where the allegations of the petition are such as to involve the issue, it is not necessary to plead specially that the injury occurred through the act of God. Evidential facts should not be pleaded.

2. In an action against a carrier by a passenger, where the plaintiff's proof shows the act of God as a possibly sufficient cause, the proof of the accident does not throw the burden on defendant.

3. The carrier is not bound to the highest degree of foresight and circumspection as against an act of God, but only to such care as an ordinarily prudent person would use under all the circumstances of the case.

4. If the real cause of the injury is a sudden and extraordinary rain-storm which washed away the ties of the railroad, negligence of the carrier which only remotely and indirectly contributed to the injury sued for will not make the carrier liable.

Appeal from St. Louis Circuit Court.

*Reversed and remanded.*

Wells H. Blodgett and Prosser Ray, for appellant: Under the petition, and the law of negligence as applicable to carriers of passengers, the demurrer to the evidence should have been sustained. The evidence offered by plaintiff developed *vis major* as the cause of the accident, and the burden of proof in such case was on plaintiff to show actual negligence. — Whart. on Neg. (1st ed.), sects. 129, 661;

*Le Barron* v. *East Boston Ferry Co.*, 11 Allen, 316; *Withers* v. *North Kent R. Co.*, 3 Hurl. & N. 969. The second instruction given for the plaintiff is error. The defendant was *not* bound to prove in this case "that the rainstorm was the sole cause, and that defendant could not have prevented the injury by the greatest care and foresight, and that no negligence of the defendant mingled with the cause of the injury." — Shearm. & Redf. on Neg. (3d ed.), sect. 270; *Railroad Co.* v. *Reeves*, 10 Wall. 176; *Transportation Co.* v. *Dormer*, 11 Wall. 129; *Sawyer* v. *Hannibal & St. Joe R. Co.*, 37 Mo. 241; 2 Pars. on Con. (6th ed.) 161. The third instruction given for the plaintiff is manifest error. The flood was *extraordinary*, and defendant's employees could *not foresee its occurrence or probable consequences.* — *Nashville & Chattanooga R. Co.* v. *Davis*, 6 Heisk. 261; *Pittsburgh R. Co.* v. *Gilleland*, 56 Pa. St. 445; 3 Hurl. & N. 969; Shearm. & Redf. on Neg. (3d ed.), sects. 445, 520, note 5.

HUDGENS & DAVIS, for respondent: Where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and *coöperative* cause, he is still responsible. — *Wolf* v. *American Express Co.*, 43 Mo. 425; *Amies* v. *Stevens*, 1 Stra. 128; *Williamson* v. *Bronson*, 1 Murph. 417; *Williams* v. *Grant*, 1 Conn. 487; *Clark* v. *Bornwell*, 12 How. 272; 34 Barb. 256. "The degree of responsibility to which carriers of passengers are subjected, is *not ordinary* care merely, which will make them liable only for ordinary neglect, but *extraordinary care*, which renders them liable for *slight neglect.*" — *Morrissey* v. *Ferry Co.*, 43 Mo. 383; *Sawyer* v. *Railroad Co.*, 37 Mo. 260; 14 How. 468.

HAYDEN, J., delivered the opinion of the court.

This is an action brought by the plaintiff as a passenger, to recover for an injury received by her when going east to St. Louis upon a train of the defendant's cars. The petition

charged that by reason of the negligence of the defendant in the construction of its road, its failure to repair the roadway and to properly equip its engine and train, and want of care in the management of the engine and cars, the car on which plaintiff was riding was thrown off the track. The accident occurred at about twelve o'clock at night, near Salisbury in Chariton County, Missouri. In the evening, and also earlier in the night, there had been, as the evidence of the plaintiff showed, a rain-storm of extraordinary violence, and the main defence was founded upon this; the defendant contending that the effective cause of the injury was an act of God, the sudden and unusual rainfall which had caused a small sheet of water situated on the south side of the embankment of the railroad to overflow and wash away the dirt from under the ends of the ties, in consequence of which the bank gave way under the weight of the cars. The plaintiff contended that the defendant was negligent in respect to the construction and materials of the embankment; that there were not proper or sufficient outlets for the natural flow of water in the bottom through which the road passed at that point; that the defendant's agents had warning of the high water and could have stopped the train, and were negligent in running it over this embankment under the circumstances. As the case here turns upon the instructions relating to the defence of act of God, it is not necessary to go minutely into the somewhat voluminous testimony, or to speak of the other grounds upon which the plaintiff relied to support her case. The instructions, so far as necessary, are noticed below. The jury found for the plaintiff.

It is contended at the outset by the plaintiff that the defence of act of God was not available under the pleadings. But we are not to confound doctrines of law with the facts on which they rest. Substantive legal defences may rest on purely evidential facts; and here the extraordinary storm was, under the allegations of the petition as above given, merely

a fact of evidence, such as ought not to be pleaded. Distinct specifications of negligence were made in the petition; and under the material issues raised by denial of them, there was of course no confession and avoidance. But even if there had been, the question whether right instructions were given as to the act of God would still be material. As the court below put the case to the jury, the principal issue was as to that defence; and it would be totally inadmissible for this court, when the defendant might have amended if the trial court had ruled against it, to deprive the defendant of the benefit of a defence because the trial court ruled in its favor.

If, then, the instructions were erroneous, the cause must be reversed; and that some of them given for the plaintiff were so, appears on examination. Thus, the second instruction for the plaintiff told the jury that "the burden of proving that the injury complained of was caused by an act of God, such as a sudden or extraordinary rain-storm, rests solely on the defendant; and in order to constitute it a defence, the defendant must prove that the rain-storm was the sole cause, and that the defendant could not have prevented the injury by the greatest care and foresight, and that no negligence of the defendant mingled with the cause of the injury." The first objection to this instruction is that it is not applicable to the evidence. Here it came out as a part of plaintiff's case that the rain-storm was one of extraordinary violence, and seemingly adequate to produce the injury. The defendant might have rested upon the plaintiff's evidence, and have contended before the jury — subject of course to the opposite contention upon the plaintiff's part — that the sole efficient cause of the injury was the sudden and extraordinary rain-storm. One of the plaintiff's witnesses says: "It was an extraordinary storm, and, as compared with others, by far the hardest I ever experienced. * * * I never heard of a man in a sulky being drowned, * * * but it came mighty near it.

\* \* \* My horse did not try to travel. \* \* \* The next morning I went down to the wreck and saw there had been a flood. It is a sandy country there. I noticed that some of the dirt had been washed out from under the north end of the ties by that storm. It was washed sufficiently to cause the train to overturn.'' Here the plaintiff could not ignore this and similar evidence, and thus assume that, like a plaintiff who proves merely such an accident as tends to show negligence in the carrier, she had cast the burden upon the defendant. The burden lay upon her to show that, notwithstanding the operation of the act of God in the case, the negligence of the defendant caused the injury, or actively coöperated with the act of God to produce it. Even if it could be stated without qualification, which it cannot, that, in an action against a carrier by a passenger, mere proof of the accident and injury shifts the burden, that rule would not apply to a case where the plaintiff's own evidence shows the act of God as an operating and possibly sufficient cause. See *Railroad Co.* v. *Reeves*, 10 Wall. 190 ; *Livezey* v. *Philadelphia*, 64 Pa. St. 106 ; *Le Barron* v. *Ferry Co.*, 11 Allen, 316 ; Whart. on Neg., sects. 129, 661. For this reason the fourth instruction, to the effect that from the train's running off the track, and the injury, the law presumes negligence, etc., was erroneous.

The second error in the instruction quoted runs through the third and fourth instructions given. By these instructions, the difference between the responsibility of the carrier as against an act of God and as against those perils which the carrier is answerable for is ignored. The carrier is held by these instructions to the highest degree of foresight and care as against an act of God. But the law imposes on him no such liability. It has been truly said there is hardly any act of God, in the legal sense, which an exhaustive circumspection might not anticipate, and supposable diligence not avert the consequences of. So that this doctrine would end in making the carrier responsible for the act of God,

when by law the passenger, and not the carrier, takes this risk. It has been seen that to make the rule a working rule, and give to the carrier the practical benefit of the exemption which the law allows him, he must be held, in preventing or averting the effect of the act of God, only to such foresight and care as an ordinarily prudent person or company in the same business would use under all the circumstances of the case. *Wolf* v. *Express Co.*, 43 Mo. 421; *Railroad Co.* v. *Reeves, supra; Swetland* v. *Railroad Co.*, 102 Mass. 276; *Read* v. *Spaulding*, 30 N. Y. 630; *Withers* v. *Railway Co.*, 3 Hurl. & N. 969.

This is the test of what constitutes negligence in the carrier in meeting and averting the injury arising from the act of God; and if, tried by this test, there is negligence mingling with the act of God, as an active and coöperating cause, the carrier is still responsible. The last part of the second instruction does not fully express this qualification. If the negligence of the carrier so mingles with the real cause of the injury as to only remotely or indirectly contribute to the effect, such negligence does not make the carrier liable. *Morrison* v. *Davis*, 20 Pa. St. 171; *Denny* v. *Railroad Co.*, 13 Gray, 481, and cases cited *supra*. When it is said that to excuse the carrier the act of God must be the sole cause, it is meant, of course, the sole efficient cause.

This difference between fault in the carrier which operates to produce the effect, and negligence which is non-operative so far as this case is concerned, is not observed in the fifth instruction, which indeed is open to several objections. That instruction is as follows : " The jury are instructed that if the defendants so constructed their road-bed at the point of the accident that it was liable to be washed out by a heavy rain-storm, then it is immaterial how sudden or extraordinary the rain-storm may have come; still the defendant will be liable if the negligent or improper construction of the road made it possible for the storm to wash away the track and cause the injury complained of." Here no qualifi-

cation is given to the word " heavy ; " and the defendant is in fact deprived of the benefit of his principal defence. It may be fairly said that any elevated embankment or road-bed of any kind, however well built, would be liable to be washed away by a " heavy " flood, if the flood was heavy enough. The mere liability to be washed away thus predicable of every road-bed certainly cannot render immaterial the suddenness and overpowering force which the law puts as a risk upon the passenger. The second clause does not cure the fault of the first, and contains errors of its own. The question for the jury was not what was possible, but what actually took place. As before stated, if the defendant was negligent, and its negligence neither caused nor contributed directly to the effect, its negligence was immaterial. The question was not of passive liability, but of fault directly contributing to produce a given effect. The fifth instruction is also objectionable — as is the first in regard to what is vaguely called " proper discretion " — as not being, in terms, based upon the evidence in the case. It is error to put mere suppositions to the jury, irrespective of the evidence, or of the belief of the jury in any facts based upon evidence before them.

What has already been said shows the legal theory upon which this case should have been put to the jury. The instructions given for the defendant were incorrect in requiring on its part the highest degree of care without qualification. So far as regards perils for which the carrier is responsible, he is bound to the highest degree of practicable care and liable for slight neglect. But where the material issue comes in of act of God, or *vis major*, we have the operation of a peril for which the carrier is not responsible, and this — as in a case where the point is as to the passenger's contributory negligence — raises the question whether the carrier, notwithstanding the operation of perils which he does not assume, could by the exercise of ordinary care have avoided the catastrophe.

The twelfth instruction of the defendant was properly refused, and its demurrer to the whole evidence properly overruled.  The general question of negligence on the part of the defendant, causing or directly and actively contributing to the injury, was for the jury.  Nor was it competent for the defendant to enumerate in an instruction certain facts favorable to it, and to require the court to say that the facts, thus supposed to exclude other facts of an opposite tendency, relieved the defendant's agents from the imputation of negligence.

What persons heard in the nature of rumors and remarks about water being upon the track, and conjectures as to possible danger, should have been excluded.  The opinion of witnesses as to what caused the accident in this case was not competent.  It was not a question for experts.

The judgment will be reversed, and the cause remanded for a new trial.  All the judges concur.