THOMAS R. BAKER and others *vs.* ANNIE E. BYERLY, impleaded, etc., (two cases.)

May 20, 1889.

**Findings on Issues not in Pleadings—Presumption.**—Where the case was tried by the court without a jury, and there is no settled case or bill of exceptions, this court will presume that at the trial the parties by consent litigated all the matters of fact in the findings, though some of the facts found be not within the issues made by the pleadings.

**Refusal to Amend Findings—Appeal.**—Where there is no settled case or bill of exceptions, this court will not consider whether the court below ought to have amended its findings.

**Findings Directing Foreclosure—Later Order Fixing Amount.**—Where, in findings directing a foreclosure, the amount is not stated, but the court afterwards makes an order fixing the amount, and directing that it be inserted in the findings, the order is to be deemed a part of the findings, though the amount be not actually inserted in the latter.

**Finding as to Authority to Sell Land.**—A finding of fact that T. R. and W. C. authorized S. H. to use their real estate to extricate the latter from his financial embarrassments (which could only be done by his selling or mortgaging the same) construed to mean that they gave him valid legal authority to sell or mortgage.

Appeals by plaintiffs from two judgments of the district court for Anoka county, where the actions were tried by *Young,* J. Each suit was brought to cancel a deed, and in each case the defendant Annie E. Byerly alleged the deed to be a mortgage and asked for a foreclosure.

*Torrance & Fletcher,* for appellants.

*Benton & Roberts,* for respondents.

GILFILLAN, C. J. There is no bill of exceptions or statement of the case in the record. We cannot, therefore, consider the point that some of the facts found are not pleaded; for, as has been frequently decided, the parties may by consent litigate matters not in the written pleadings, and, if they do so, they are bound by the result, the same as though such matters were pleaded. And, as the proceed-

ings of the trial courts are presumed to be regular, it will be presumed, in the absence of a bill of exceptions or statement of the case showing the contrary, that the parties by consent litigated all the facts found by the court. For the same reason we cannot consider whether the court ought to have amended the findings.

The determination of the amount due the defendant seems by agreement to have been postponed until the other issues were disposed of, and then the court, having determined the amount, made an order directing such amount to be inserted in its decision and direction for judgment. The insertion was not actually made, but the order is in the judgment-roll, and is itself, by its terms, a part of the findings, and it is to be taken as though the amount had been inserted in the original findings.

From the findings of fact it appears that the defendant Byerly had intrusted money to the defendant Samuel H. Baker, to loan for her upon real-estate security in Minnesota. He at that time owned certain real estate in the county of Anoka, and he conveyed it to one Robinson, who thereupon executed a note to defendant for the amount of money which defendant had so intrusted to said Baker, and a mortgage on the real estate to secure it, and Robinson reconveyed the real estate to Baker, he assuming the payment of the mortgage. It does not appear that defendant knew of the roundabout way in which the business had been done, nor that Baker had any connection with it, except as her agent. About two years afterwards he represented to defendant that Robinson desired to pay the note and mortgage, and requested her to execute and send to him a satisfaction piece of the mortgage, that he might cause the same to be recorded upon payment of the note and mortgage by Robinson. Relying upon his representations, she executed and sent him the satisfaction piece, and he caused the same to be recorded, and the mortgage to be satisfied of record, though no part of it had been paid. He concealed this from her until he had sold more than half of the real estate to innocent purchasers, and until she ascertained the facts from some other source. Upon discovering them she called upon him to pay or secure the amount due her, and he thereupon requested from the plaintiffs Thomas R. and William C.

permission to use and convey any property which they or either of them owned in Hennepin or Anoka county to extricate him from his financial embarrassment; and, as stated in the findings, "which request was by them acceded to, and the said Thomas R. and William C. Baker authorized the said S. H. Baker to use for his own benefit their said property;" and, "upon receiving authority as above from the said Thomas R. and William C. to use their said property as security for his liability," "S. H. Baker did, on the 17th day of January, 1887, by deed, as attorney in fact for plaintiffs, convey the property described in the complaint in the said action to Annie E. Byerly as security for his liability to her." The deed was absolute in form. The judgments of the court below adjudged the deed to be a mortgage to secure such liability, and decreed its foreclosure. The decision of the court below, especially the conclusions of law, seem to proceed partly on the ground of express authority in Samuel H. Baker to execute the deed, and partly on the ground of estoppel of plaintiffs to deny its validity. As we must take the court's finding of fact that Thomas R. and William C. Baker authorized the said S. H. Baker as meaning that they gave him sufficient and legal authority (although the precise manner in which it was conferred is not stated) to use for his own benefit their said property, which he could only do by a sale or mortgage of it, the actual validity of the deed is established. It is unnecessary, therefore, to consider whether they were estopped to deny its validity.

Only one other question in the case need be considered. It is claimed that at the entry of the judgments the note of Robinson was not yet due, and, as the deed which the court adjudges a mortgage was given to secure it, the direction for foreclosure was premature. It is not found, however, that the deed was given to secure the original debt evidenced by the note of Robinson, and is found that it was given to secure the liability of S. H. Baker to defendant. That liability accrued when by fraud he obtained from her, and without payment caused to be recorded, the satisfaction of the Robinson mortgage. She could then have called upon him to pay the full amount then owing on that mortgage, precisely as though he had actually received it. The amount became due at once from him to her, and

no further time seems to have been given for payment, so that the mortgage to be foreclosed was due from the time of its execution.

Judgments affirmed.