CAROLINA DEIBER *vs.* AUGUST LOEHR and others.

November 11, 1890.

Findings—Evidence.—The facts found in this case *held* sufficient to support the judgment.

Findings on Issues not in Pleadings—Presumption.—Where there is no case, or bill of exceptions, it will be presumed that there was evidence introduced on the trial by consent sufficient to support material findings of fact, though not embraced within the issues made by the pleadings.

Action brought in the district court for Traverse county, to foreclose a purchase-money real-estate mortgage of $1,600, made by defendant Loehr and wife. De Nederlandsch Americansche Land Maatschappy, a land company, was made a defendant as having or claiming some interest accrued subsequently to the lien of the mortgage. The Loehrs made default. The land company answered, alleging a mortgage to itself of the same land, and that its rights thereunder were prior to those of plaintiff. The action was tried by *Brown,* J., who found the facts in substance as follows: On December 22, 1886, the plaintiff and her husband conveyed the land to defendant August Loehr for $1,000, the deed being filed for record December 23, 1886, at 8 o'clock A. M. At the time of receiving the deed, Loehr and wife executed and delivered to plaintiff the mortgage sought to be foreclosed, to secure payment of the purchase-money, none of which was paid down. This mortgage was filed for record December 24, 1886, at 7 o'clock P. M. After the execution and record of such deed and the delivery of such mortgage, and on December 23d or 24th, Loehr and wife executed to the defendant land company a mortgage for $1,600, which was filed for record December 24, 1886, at 4 o'clock P. M. The court found also that "the said company had no knowledge or notice whatever of the execution or delivery of said mortgage to the plaintiff at the time of the execution or delivery of the mortgage to said company, or at the time of its loaning to said Loehr the said sum of $1,600, nor until a long time thereafter;" and also "that the plaintiff received a portion of the money loaned by said

company to said Loehr upon said mortgage, and had due knowledge of the intention of the said Loehr to give said mortgage to said company at the time of the execution of said deed and of the actual making of said mortgage to said company at the time thereof." As a conclusion of law the court held the land company's mortgage to be the first lien. Judgment was entered accordingly, and the plaintiff appealed.

M. F. Propping and S. L. Pierce, for appellant.

H. V. Rutherford, for respondent.

VANDERBURGH, J. The question here presented is whether the mortgage executed by the defendant Loehr to the defendant land company has a legal priority over that executed by him to the plaintiff. The latter was first executed, but the former was first recorded.

1. The answer alleges that the defendant Loehr, the owner of the land in controversy, executed a note for $1,600 to the land company, and to secure the same executed the mortgage mentioned therein; and that when it was recorded the latter had no knowledge or notice of the plaintiff's mortgage. It is not, however, alleged that the money which the note and mortgage were given to secure was in fact paid over before notice of plaintiff's mortgage; and it is assigned as error that, upon the pleadings and findings, judgment was erroneously ordered for the defendant company. But, in respect to the loan made by the latter, the plaintiff's reply admits or assumes that it was in fact made at the date of the mortgage, but states, in substance, that the latter was made as collateral security for another mortgage of the same date, given to secure the note for $1,600, which mortgage was a first lien and "ample security for said loan." There is no case or bill of exceptions, and the proceedings upon the trial are not before us, so that, if the findings of fact are sufficient, it may be presumed that there was evidence before the court received by consent to support the same; and it is too late to raise the objection to the defective pleading. Baker v. Byerly, 40 Minn. 489, (42 N. W. Rep. 395;) Warner v. Foote, 40 Minn. 176, (41 N. W. Rep. 935.)

2. Upon the point raised in respect to the sufficiency of the findings, we think sufficient appears therein to show that the note and mortgage in question were given for money actually loaned to the

amount expressed in the note,—$1,600,—and that plaintiff was in fact cognizant of the transaction, and received a part of the money so loaned.   It is also expressly found that the land company had no notice of plaintiff's mortgage at the time of the loan or the execution of its mortgage, nor until a long time thereafter.   The two mortgages were executed and recorded the same day, but the mortgage to the defendant company was first recorded.   The findings are sufficient to sustain the judgment.

Judgment affirmed.