**Conclusions of law and judgment supported by facts found.**

*Held,* the findings of fact support the conclusions of law and judgment.

**Review of order refusing to make additional findings of fact.**

The evidence not being returned, it does not appear that it was error to deny a request for additional findings of fact.

Appeal by plaintiff, William Groomes, from a judgment of the Municipal Court of the City of Minneapolis, *Andrew Holt,* J., entered March 14, 1894, that he take nothing by this action and that defendants, Clarence R. Waterman, and W. S. Cilley, recover $13.62 costs.

The plaintiff was a servant of the Chicago, Milwaukee and St. Paul Railway Company and was entitled to $40 a month wages. He assigned to defendant Cilley his wages for the month of April, 1892. Each succeeding month he assigned his wages to Cilley up to and including October, 1893, and Cilley collected them. He paid to plaintiff and to defendant Waterman at plaintiff's request from time to time a part or all of the money so collected. Plaintiff claimed that Cilley collected in all $760 and that he paid over only $656 thereof and that he and defendant Waterman had the balance $104 in their possession and he brought this action to recover this balance. Defendants had judgment and he appeals.

*C. E. Brame,* for appellant.

*Mark L. Dougherty,* for respondents.

CANTY, J.   This is an action against the defendants, Waterman and Cilley, for money had and received by them to the use of plaintiff. The evidence is not returned. The case was tried by the court without a jury, and judgment was ordered for the defendants. From an order denying his motion for a new trial, plaintiff appeals. He contends that on the findings of fact he is entitled to judgment. The court found, in substance, that every month for nineteen months plaintiff assigned his wages, of $40 a month, to Cilley, as collateral

security for money borrowed of him each month, "and plaintiff obtained, each time, less than $40, but how much less is impossible to determine from the evidence. During the aforesaid time, and nearly every month, defendant Cilley, at plaintiff's request, paid defendant Waterman from three to ten dollars. That some of this indebtedness so paid by Cilley at plaintiff's request was for money borrowed of Waterman by plaintiff, but how much is impossible to determine." If the trial court could not determine these things from the evidence, how are we to without it?

There is no claim or finding of usury, and we must presume that whatever part of the $40 Cilley retained from plaintiff each month he paid to Waterman to apply on what plaintiff owed Waterman, and that plaintiff and Cilley settled up their business every month at each monthly transaction as they went along.

Plaintiff moved for additional findings, but we cannot tell, without the evidence, whether they should have been allowed or not. Each defendant appeared by a different attorney, and answered separately, so that each was entitled to statutory costs; but only one bill of costs was taxed, and of this plaintiff should not complain.

The judgment appealed from is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 139.)