## Richmond.

Norfolk & Western R. R. Co. v. Marshall's Adm'r.

·December 20th, 1894.

Carriers—*Act of God—Liability—Case at bar.*—By the bursting of a water spout water accumulated at a fill in railroad track in a larger quantity than could be carried off by the stone culvert built there thirty-five years before and always regarded as safe, causing a washout and break in the track, into which, during a dark, stormy night, the engine and some of the cars of a passenger train were precipitated, without any negligence on the part of the carrier, and thereby a passenger came to his death : Held : Carrier was not liable for the injury.

Error to judgment of circuit court of Bedford county, rendered June 10, 1893, in an action of trespass on the case for negligent killing, wherein W. F. Marshall was plaintiff and the Norfolk and Western railroad was defendant. The jury found for plaintiff and assessed his damages at $7,500, and judgment was entered accordingly; and the defendant brought the case here by writ of error. Opinion states the case.

*Kirkpatrick & Blackford*, for plaintiff in error.

*Blair & Blair*, for defendant in error.

Lacy, J., delivered the opinion of the court.

The suit was instituted by the defendant in error against the railroad company to recover damages for the negligent killing of W. F. Marshall, a passenger, on the night of July 1, 1889.

It is admitted upon the record by the plaintiff that the accident by which his intestate was killed was caused by the act of God in the shape of an unprecedented storm.    Thereupon the defendant company introduced no testimony and demurred to the evidence.    The jury found a verdict for $7,500, and the court, after hearing the argument, overruled the demurrer to the evidence, and gave judgment accordingly.    Whereupon the defendant company applied for and obtained from this court a writ of error.    The question as to how far the mere fact that an accident has occurred raises a presumption of negligence on the part of a carrier, which caused the injury in the case of a passenger, will not be discussed, because it was conceded by the plaintiff below that the accident was caused by the act of God.    See *Curtis* v. *Rochester & S. R. R. Co.*, 18 N. Y., 534, and the General Doctrine, pp. 197 and 212, Thompson's Carriers of Passengers; *R. R. Co.* v. *Reed*, 10 Wall., 176; *Gillespie* v. *St. L. R., &c., R. R. Co.*, 6 Mo. App., 554; *Long* v. *Pa. R. R. Co.*, 147 Pa. St., 343; *Trans. Co.* v. *Downe*, 11 Wall., 130; *Segalls* v. *Bells*, 43 Am. Dec., 363.

But it is claimed by the defendant in error that the consequences of this act of God could have been prevented by the use of ordinary diligence on the part of the defendant company, and this can only be determined from the evidence in the case which shows that the accident occurred on a dark and rainy night, the rain pouring at times in torrents and flooding the track, which was laid along the side of the Blue Ridge mountains, causing stoppages from time to time at exposed places.

Before the train reached the place of the accident the rain ceased, and the train had reached a portion of the track which had always been regarded as perfectly safe.    The character of the watershed was such that the water ran rapidly off along the mountain side, and the train proceeded on its way without further obstruction.    The train at last reached the place of the accident, which was a dirt fill, provided with a stone culvert

for the outlet of the water from the hillside above. This culvert was built thirty-five years before on the construction of the road, from which there had never been any accident. It was very dark and the train ran upon the fill; no one suspected evil; the engine crossed and its nose reached the embankment on the other side, when by reason of what is called a waterspout, the culvert had proven insufficient to carry the water off; a great pond had been formed above the fill and the water bored the fill out, leaving the rails and ties of the track unbroken. The train went down into the water, which, deprived of its support, formed a sort of cataract; a large number of persons were injured, among them the defendant in error's intestate, who was killed.

The contention of the defendant in error is, that the speed of the train was recklessly rapid and it hurled the mail car clear across on the opposite side, but the fact is the whole train did not go on the embankment, some of the cars stopped when the accident occurred and were wholly uninjured, and there is nothing whatever in the evidence which is adduced by the defendant in error only which shows any negligence on the part of the company. The circuit court erred in overruling the demurrer to the evidence of the defendant company, which should have been sustained, and this judgment must be reversed and annulled for the reasons stated, and this court will render here such judgment as the said circuit court ought to have rendered.

Judgment reversed.