GEORGE BASSETT v. ROSE HAREN.[1]

June 11, 1895.

Nos. 9283—(92).

Trial of Issues not Pleaded—Relief.

Where the parties to an action have voluntarily litigated an issue or controversy not within the pleadings, and a decision is rendered on the merits thereof, held, the prevailing party should be given such full measure of relief as is just and equitable, under all the circumstances of the case.

[1] Reported in 63 N. W. 713.

**Same—Replevin.**

In an action of replevin, where the plaintiff did not invoke the aid of the provisional remedy, this rule is applied so as to change the action into one for an accounting to determine the amount of defendant's lien on the property in question, and judgment is ordered for plaintiff for the recovery of the possession on payment of the amount of such lien.

Appeal by defendant from an order of the district court for Big Stone county, C. L. Brown, J., denying a motion for a new trial. Modified.

*E. T. Young,* for appellant.

*A. S. Crossfield,* for respondent.

·CANTY, J. This action was commenced as an action of replevin for the recovery of the possession of 1,164 bushels of wheat, and, if the action had continued through the trial to be simply an action of replevin, the verdict for the plaintiff could not be sustained. It conclusively appears from the evidence that, when the action was commenced, the defendant had a lien on the wheat for the payment of the sum of $327 due him from the plaintiff on one claim, and the sum of $50 due him from the plaintiff on another claim, and that, while the first claim has since been satisfied, the second has not, but is still a lien on the wheat. At the commencement of the action defendant was clearly entitled to the possession of the wheat as security for the payment of both claims, and is still entitled to the possession of it as security for the payment of the last claim. Under these circumstances, replevin could not be maintained.

But the parties voluntarily departed from the issues made by the pleadings. Not only is this so, but it also appears that, besides trying the question of the right of possession when the action was commenced, the parties voluntarily tried the question of the defendant's special interest in the wheat at the time of trial and the amount of his lien on the wheat at that time. If, by means of the provisional remedy, the plaintiff got possession of the wheat, and had possession of it at the time of trial, the special interest of the defendant in the wheat at that time would be a material question. But the plaintiff had not invoked the aid of the provisional remedy, or taken the possession from the defendant, and such special interest of defendant at that time was not a material question

in the case, unless the parties intended to turn the suit into an action for an accounting to determine the amount of defendant's lien on the wheat, and this, it seems to us, the parties have done.

The complaint alleges that plaintiff's ownership and right of possession arise out of a contract between the parties, by the terms of which "plaintiff agreed to till and farm certain land therein described, belonging to defendant," and whereby "defendant agreed to deliver to said plaintiff one-half of all the grain raised upon said premises each season upon reasonable request made by plaintiff, after performance by him of all the stipulations by him to be performed under said contract each season; that all stipulations and covenants to be performed by plaintiff under said contract have been so performed by him, including the season and year 1892," in which year the wheat in question was raised. The answer to this complaint is a general denial.

On the trial the contract in question was introduced in evidence, by which contract it appears that defendant was entitled to hold possession of all the grain so raised by plaintiff until plaintiff paid all indebtedness due by him to defendant, and until plaintiff paid defendant "the sum of $327 each year." It appeared by the cross-examination of plaintiff, and the evidence offered on behalf of defendant, that such $327, to be paid each year, was the purchase price of stock and farm machinery purchased by plaintiff from defendant. Plaintiff was permitted, without objection, to prove that since the commencement of this action the item of $327, due in the year 1892, was paid by the foreclosure of a chattel mortgage securing the same. Defendant also proved by the cross-examination of the plaintiff, and by testimony offered on his own behalf, that there was $50 due defendant from plaintiff at the time the action was commenced, which was part of the purchase price of a binder, sold by defendant to plaintiff, and that this $50 was still unpaid. On the trial, defendant admitted for the first time that plaintiff was the owner of the wheat, but claimed that when the action was commenced he had a lien on the wheat for $387, and at the time of trial still had such lien for $50. This was new matter, which the defendant was not entitled to prove under his answer.

If the complaint was merely a general allegation of ownership and right to possession in the plaintiff, the defendant would be en-

titled to prove such new matter under the general denial in his answer. Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185, and cases cited. But this is not such a case. Plaintiff pleaded specially the contract out of which the rights of the parties arose. On the trial defendant admitted that the rights of the parties arose out of this contract, and then proceeded to show that plaintiff did not plead a part of the contract which was material to the defense, and that under this contract he was entitled to a lien on the wheat in his possession. When the parties have thus voluntarily litigated between them a controversy not made by the pleadings, and a decision on the merits of such controversy is rendered, we do not see why the prevailing party should not be given such full measure of relief as is just and equitable, under all the circumstances of the case.

Applying this rule to the present case, we are of the opinion that plaintiff should have been given judgment for the recovery of the possession of the wheat specified in the verdict, on payment to defendant of the sum of $50, or, in case possession cannot be had, for the value of such wheat, less $50. But the trial court, in his order denying defendant's motion for a new trial, ordered judgment for plaintiff for the recovery of the possession of the wheat, or the value thereof, less $50, in case possession cannot be had. It will be seen that on a judgment entered pursuant to this order, if possession could be had, plaintiff could recover the wheat without paying the $50. In this respect the order appealed from is erroneous.

The court below also awarded the costs and disbursements of the action to defendant, but, as plaintiff does not appeal, we will not review that part of the order. The order appealed from should be modified so as to conform to this opinion.

Order modified.