## MCKENNETT V. BARRINGER *et al.*

On appeal from a judgment of a court of general jurisdiction, where the record does not purport to contain the evidence, such facts will be presumed, if within the issues, as will support the judgment of the trial court.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Day county. Hon. A. W. CAMPBELL, Judge.

Action to vacate a conveyance of real property, and to compel the execution of a quit claim deed. From a decree for plaintiff, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Frank Sears* and *Bennett & Sheldon*, for appellants.

*J. H. McCoy*, for respondent.

Fuller, J.    Plaintiff, a judgment creditor, to whom it is alleged a certificate of sale on execution had been issued, instituted this action against the defendants, to obtain a decree in equity vacating, upon the ground of fraud as to creditors, a conveyance of real property by Phillip J. Barringer to Sarah A. Barringer, his mother, and to require the latter to transfer, to the person entitled thereto, the legal title to said real estate, by quit claim deed.    A trial to the court without a jury, resulted in findings of fact and conclusions of law against the defendants, and favorable to plaintiff, upon all the issues; and from a judgment declaring said deed to be void as to the plaintiff, because the same was made with the intent to defraud, hinder and delay creditors, and directing the defendant Sarah A. Barringer to execute and deliver to plaintiff a quit claim deed of all the premises described in the complaint, the defendants appeal to this court.

So far as presented or disclosed by the record, the following material facts alleged in the complaint must be treated as proved:    Phillip Barringer, who was insolvent and largely indebted to numerous persons, including respondent, fraudulently transferred the land in question to his mother, Sarah A. Barringer, who holds the same in secret trust for her son, with the intent and for the purpose of hindering, delaying and defrauding the creditors of said Phillip Barringer; that before the commencement of this suit, and upon a $700 judgment existing in respondent's favor against the appellant Phillip Barringer, execution was issued and levied upon said land as the only property of said judgment debtor, and the same was sold thereunder for $400 to respondent, to whom the sheriff executed and delivered the usual certificate of sale; that being unable to find property of said judgment debtor, real or personal, out of which to make the residue of said judgment, after applying thereto the proceeds of said sale, the sheriff returned his execution unsatisfied as to the sum of $351.70, and respondent thereafter instituted this suit.

A reasonable construction of the complaint would justify the introduction of evidence tending to prove that the property in question had not been redeemed, and that a sheriff's deed had issued to respondent; and, in the absence of a record which presents the evidence, findings of fact, and conclusions of law, such a state of facts will be presumed in support of the judgment. In Minnesota, under like circumstances, "it will be presumed that there was evidence introduced on the trial, by consent, sufficient to support material findings of fact, though not embraced within the issues made by the pleadings." Deiber v. Lohr (Minn.), 47 N. W. 50. This case, however, requires us to go only to the extent of holding that in support of a judgment of a court of general jurisdiction on appeal, where the record does not purport to contain the evidence, a state of facts will be presumed, if within the issues, authorizing the rendition of said judgment by the trial court, and every reasonable intendment will be indulged in favor of the correctness thereof, until error is affirmatively shown. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85; Hroch v. Aultman & Taylor Co., 3 S. D. 477, 54 N. W. 269. For the purpose of this appeal, it must be conclusively presumed that the deed from Phillip J. Barringer to Sarah A. Barringer was made with the intent to defraud creditors; and, as against respondent, said transfer was void, under Sec. 4656 of the Compiled Laws. Moreover, by virtue of a sheriff's deed, respondent, as the actual owner of the premises, was entitled, upon the record, to a decree removing the cloud thus cast upon his title; and the judgment of the trial court is affirmed,