# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

GUSTAVUS STEVENS v. WILLIAM C. STEVENS.[1]

December 14, 1900.

Nos. 12,277—(105).[2]

**Appeal—Evidence not Returned—Presumption as to Findings.**

Where the case is tried by the court without a jury, and there is neither a settled case nor a bill of exceptions, this court will presume that the parties litigated, by consent, all matters of fact in the findings, though some of the facts be not within the issues made by the pleadings.

**Same—Denial of Motion to Amend Findings.**

In the absence of a case or bill of exceptions, this court cannot review an order denying a motion to amend the findings of fact.

**Same—Review of Conclusions of Law.**

On an appeal from a judgment, where there is no case or bill of exceptions, the only question for review in this court is whether the facts found support the conclusions of law.

**Decision Sustained by Findings of Facts.**

The facts found sustain the conclusions of law in this case.

Appeal by plaintiff from a judgment of the district court for St. Louis county, entered pursuant to the findings of Ensign, J. Affirmed.

*Wm. B. Phelps,* for appellant.

*Phelps & McManus,* for respondent.

[1] Reported in 84 N. W. 457.    [2] See note on page iv, supra.

82 M.—1

START, C. J.

This was an action to obtain an accounting by the defendant as to the transactions alleged in the complaint, and to recover any balance which might be found on such accounting to be due from the defendant to the plaintiff. The cause was tried by the court without a jury, and findings of fact and conclusions of law were made. Thereupon the plaintiff moved the court to amend its findings of fact and conclusions of law, and also for a new trial. The trial court denied both motions. Judgment was entered in accordance with the findings of fact and conclusions of law, from which the plaintiff appealed.

There is no settled case containing the evidence, nor bill of exceptions; hence we cannot review the order refusing to amend the findings of fact, nor consider the question whether or not they are responsive to the pleadings. The rule is settled by repeated decisions of this court that where the case is tried by the court without a jury, and there is neither a settled case nor a bill of exceptions, this court will presume that the parties litigated, by consent, all matters of fact in the findings, though some of the facts were not within the issues made by the pleadings. Keyes v. Minneapolis & St. L. Ry. Co., 36 Minn. 290, 30 N. W. 888; Baker v. Byerly, 40 Minn. 489, 42 N. W. 395; Abbott v. Morrissette, 46 Minn. 10, 48 N. W. 416. It is equally well settled that, in a case where there is no settled case or bill of exceptions, this court cannot review an order denying a motion to amend the findings of fact; for, without the evidence, we cannot tell whether the amendments should have been allowed or not. Baker v. Byerly, supra; Groomes v. Waterman, 59 Minn. 258, 61 N. W. 139; Levine v. Lancashire Ins. Co., 66 Minn. 138, 68 N. W. 855.

The only question presented by the record which can be here reviewed is whether the conclusions of law are sustained by the findings of fact; for, upon an appeal from a judgment, where there is no case or bill of exceptions, only the conclusions of law can be reviewed, and in such a case the inquiry is limited to the question whether they are sustained by the facts found. Wheadon v. Mead, 71 Minn. 322, 73 N. W. 975. This question we have considered, and

our conclusion is that the findings of fact sustain the conclusions of law.

Judgment affirmed.