# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

JOHNSON, Appellant, v. CENTERVILLE MILLING COMPANY, Respondent.

(156 N. W. 82.)

(File No. 3772. Opinion filed February 1, 1916. Rehearing denied March 4, 1916.)

1. **Water and Water Courses—Flooding of Land from Dam—Action for Injuries—Issues—Height of Dam, Cause of Overflow—Necessity of Findings on.**

   In a suit by a riparian owner for damages from overflowage of his land from raising of a dam above the height authorized by court procedure under the Milldam Act (Rev. Code Civ. Proc., 1877, Ch. 39), and to restrain re-erection of dam after it was washed out, held, that, the evidence having covered such issues, the trial court should have made findings as to height to which the dam was raised, when rise occurred, and whether the rise caused any part of the overflow complained of.

2. **Same—Injury from Overflow of Dam—Enjoining Re-erection of Dam—Extent of Injunction Under Complaint.**

   In a suit by riparian owner to enjoin re-erection of a washed-out dam which it was alleged had been raised to a height greater than ten feet as authorized by the court procedure under Milldam Act (Rev. Code Civ. Proc., 1877, Ch. 39), causing overflow of plaintiff's lands, held, that the complaint, alleging that defendant maintained the dam considerably in excess of ten feet, causing the surplus waters to rise, set back, and overflow plaintiff's lands, destroying his crops, and praying that defendant be forever restrained from making and maintaining the dam in such manner or to such an height as to cause the river to overflow plaintiff's land, while not so specific as it might have been, was yet sufficient to permit, and restrain the litigation to, the question of the excessive height of the

1—Vol. 37, S. D.

dam over that permitted by said court procedure; and the complaint did not seek to restrain construction of the entire dam as the obstruction causing the alleged continuance of recurring damages.

3. Trial—Restraining Dam Overflow—Litigated Question Not Covered by Complaint—Right to Findings.

In a suit by a riparian owner to restrain re-erection of a washed-out dam claimed to have been raised to a height above that authorized by court procedure under Milldam Act (Rev. Code Civ. Proc., 1877, Ch. 39), causing overflow of plaintiff's land, held, that where a complaint was silent on question of height of dam, yet, the parties, without objection and by common consent; having litigated and tried out the question, they were entitled to findings upon the question actually litigated.

4. Water and Water Courses—Dams Under Milldam Act—Future Damages from Overflow After Condemnation, Right to Sue For.

Under Milldam Act (Rev. Code Civ. Proc., 1877, Ch. 39), containing no inhibition upon a riparian owner's right to sue for future damages resulting from raising a dam above the height authorized by the proceedings in condemnation for its establishment, held, that such right of action exists, and plaintiff is not required to petition the court for re-assessment of damages.

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Action by Jacob A. Johnson, against the Centerville Milling Company, to recover damages for overflowage of water from a mill dam. From a judgment for defendant, based upon alleged incomplete findings, plaintiff appeals. Judgment reversed, and cause remanded for further findings of fact.

*French & Orvis,* for Appellant.

*Bogue & Bogue,* and *F. R. Aikens,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: If appellant desired such additional findings, he should have raised such issue by his pleadings, and should have requested that the issue be submitted to the jury.

(2) To point two of the opinion, Appellant cited: Code Civ. Proc., Sec. 841; American Miller (Monthly) Oct. 12, 1912, p. 795; Tebble v. Spencer Elec. Light Co.. (Mich.) 138 N. W. 1073; Shearer v. Middleton, 88 Mich. 311, 50 N. W. 737; Cargill v. Thompson, 59 N. W. 638, 57 Minn. 534; Longness v. Pettigrew, 5 Dak. 45.

(4) To point four of the opinion, Appellant cited: Code Civ. Proc., Secs. 847, 848, 849; Otis v. Ludlow Mfg. Co., 50 L. Ed. U. S. Rep. 696; Head v. Amoskeag Mfg. Co., 28 L. Ed. U. S. Rep., p. 889; Civ. Code, Sec. 2288; Williams v. Southern Pacific R. R. Co., (Cal.) 89 Pac. 599.

McCOY, J. The respondent milling company, as defendant in the court below, prior to about the 15th day of July, 1907, owned and maintained a milldam across the Vermillion river at or near the city of Centerville. The appellant, and plaintiff in the circuit court, owned farm lands abutting on the banks of said river above said dam. It appears without contradiction that the milldam in question, as originally constructed, was established in 1886 under the provisions of chapter 39, Rev. Code of Civ. Pr. of 1877; that under procedure in the territorial district court the owners of said dam were authorized to construct and maintain said dam to a height of ten feet; and that under such procedure damages were assessed and paid to upstream owners for all damage caused to their lands by reason of the construction of said dam. The foregoing facts appear from the pleadings, and there seems to have been no controversy regarding the truth thereof upon the trial. The plaintiff's complaint, in substance, contained the following allegations: That said dam was maintained by said defendant, as plaintiff is informed and believes, at a height considerably in excess of 10 feet, causing the waters of the Vermillion river, during a good part of the summer season of 1906, to rise to great height and set back and overflow its banks, flooding about 60 acres of plaintiff's land, about 30 acres of which was planted to corn, all of which crops were destroyed by said overflow caused by said dam so owned and maintained by defendant; that again in the early part of 1907 the said dam caused the said river to set back and again overflow its banks, flooding plaintiff's lands and destroying about 12 acres of wheat, 22 acres of corn, and 21 acres of grass, to plaintiff's damage; that but for the maintenance of said dam no part of plaintiff's land would have been overflowed or submerged by the waters of said river, excepting possibly small portions thereof for brief periods during unusual floods of high water; that about the 15th of July, 1907, the said dam was destroyed by said river, and defendant is proceeding to rebuild the same, and unless restrained will rebuild said dam, and, as plain-

tiff believes, will again set back said river and again overflow and submerge the lands of plaintiff. Plaintiff demanded judgment (1) for money damages; (2) that defendant be restrained and enjoined from erecting said dam, in such manner or to such a height as to cause said river to set back or overflow the lands of plaintiff; (3) for such other and further relief as may seem just and equitable.

The defendant answered denying the allegations of the complaint excepting as to such parts thereof thereby admitted. Defendant also pleaded the establishment of said dam under the law authorizing the construction of milldams, the assessment and payment of damages at the time of the establishment thereof, and that defendant had always maintained said dam at the height at which it was originally established, except at intervals of high waters certain flashboards were removed for short periods. Defendant also interposed the two-year statute of limitation provided for in the Milldam Act, the ten-year statute of limitations provided for by section 66, and the six-year statute mentioned in section 60, Code Civ. Pr. The major portion of the testimony submitted on the trial by plaintiff was directed to the question of the height of the maintenance of the dam during the years 1906 and 1907. The most stubbornly controverted issue related to the height at which the dam was maintained during the two years mentioned in the complaint. There was testimony tending to show that for twenty years next preceding 1906 the lands of plaintiff had not been submerged to any appreciable extent; that since the erection of said dam flashboards have been maintained on the top thereof to increase and raise the head or depth of the water above the dam; that in 1903 the height of said flashboards was raised; and that at the time of the said overflowing of plaintiff's lands mentioned in the complaint the said dam and flashboards thereon raised said water to a depth of 13.88 feet. The testimony of defendant largely related to controverting the testimony of plaintiff tending to show that the dam had raised the water to a depth of 13.88 feet at or immediately above the dam. Findings and judgment were mode in favor of defendant that plaintiff is estopped to maintain this action by reason of the proceedings had under chapter 39, Code Civ. Pr. of the Territory of Dakota. From these findings and judgment, plaintiff has appealed.

[1-3] One of the principal matters urged by appellant is that the court refused to make a finding as to the height at which the dam was maintained during 1906 and 1907 at the times plaintiff's lands were submerged during those years. Plaintiff requested such a finding, which was refused. We are of the view that plaintiff was entitled to findings of fact as to the height the defendant raised said dam over the height provided in and by the court procedure under the Milldam Act, under which said dam was constructed; when such rise in height took place, and whether or not the rise in height over that permitted by the said court procedure, or what portion of said rise in height, if any of it, was the cause of the overflowing of plaintiff's lands for the years mentioned in the complaint. These seem to us to have been some of the most vital issues tried out by the parties on the trial. Both sides offered evidence, without objection from the other, upon the question as to the rise in the height of the dam over ten feet. It is urged by respondent that the allegations of the complaint were not sufficient to permit of the litigation of the question of the rise in height of the dam over that permitted by the court procedure establishing said dam, as the allegation in the complaint "that defendant maintained said dam considerably in excess of ten feet" was merely descriptive of the character of the obstruction sought to be restrained by plaintiff; in other words, that plaintiff sought to restrain the construction of the entire dam as the obstruction that was causing the alleged continuous recurring damages. We do not so view this complaint. It was not so viewed by the parties on the trial. The language of the complaint is:

"That said dam was maintained by defendant, as plaintiff is informed and believes, at a height considerably in excess of ten feet, causing the waters of the river to rise to a great height and set back and overflow plaintiff's land * * * which destroyed plaintiff's crops, caused by said dam so maintaned by defendant."

Plaintiff's prayer for relief also contains the following:

"That defendant be forever restrained and enjoined from erecting and maintaining said dam in such a manner or to such a height as to cause said river to overflow the lands of plaintiff."

While this complaint is not so specific as it might have been, yet we are of the view that it fairly indicates that plaintiff was

proceeding on the theory that the excessive height at which said dam was then being maintained was what he claimed to be causing the injury. If the complaint in this case had been entirely silent on the question of the height of this dam, yet the parties, without objection and by common consent, litigated and tried out the question of the height of the dam, and were therefore entitled to findings upon the questions of fact thus actually litigated on the trial. Winona v. Construction Co., 27 Minn. 415, 6 N. W. 795, 8 N. W. 148; Warner v. Foote, 40 Minn. 176, 41 N. W. 935; Deiber v. Loehr, 44 Minn. 451, 47 N. W. 50; Ahlberg v. Bank, 51 Minn. 162, 53 N. W. 196. In principle the rule as to litigating issues outside the pleadings in equity cases tried before the court, where the nature of the cause of action is not changed, should be the same as in causes triable by a jury. Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715; Bassett v. Haren, 61 Minn. 346, 63 N. W. 713.

[4-6] It seems to be generally held, in construing milldam acts similar to the one in this state, that where the height at which the dam may be maintained has been determined by proceedings under the act, and damages assessed and paid for maintaining said dam at such height, any injuries caused by maintaining said dam at a greater height are unauthorized and are remediable by ordinary proceedings, unless there is something in the milldam act that prohibits such remedies. The milldam act of this jurisdiction under which the dam in question was constructed contains no such inhibition. Farnham on Water Rights, vol. 3, p. 2151; Gould on Waters, §§ 583, 584; Kinney on Water Rights, § 859. The act in this jurisdiction provides that if the milldam owner desires to raise the height of the dam he must proceed by a petition for an assessment of damages caused by such raise, and that, if suits have been commenced prior to such petition to raise such dam, the same may be suspended by order of court until the result of the proceedings shall be known. In some jurisdictions the milldam act provides that, when the dam has been raised to a height greater than that permitted by the procedure under which the same was constructed, the landowner whose land has been injured by the increase in height shall not be permitted to bring suit for damages, but shall petition the court for a reassessment of damages; but no such provision appears in the act in this jurisdiction.

Proceedings under such milldam acts constitute the taking or injuring of property for a public use. Gould on Water Rights, § 580. Under the Constitution of this state the condemning party must condemn according to law before he is entitled to take or injure property. Section 13, art. 6, Constitution.

[7] The injuries complained of in this case were of such a continuing and recurrent nature that injunction would lie to restrain the commission thereof. The defendants were protected under the procedure under which this dam in question was constructed only in raising the waters of said river to a height of ten feet. We are of the view therefore that findings should be made as to the height defendants or their predecessors in interest raised said dam, if at all, in excess of ten feet, including flashboards; if such increase occurred, the time or times when the same occurred, whether such increase, or any part thereof, caused the injury mentioned in plaintiff's complaint.

The judgment appealed from is reversed, and the cause remanded for further findings of fact as herein indicated, upon the evidence heretofore received before the trial court.

SMITH, J., not sitting.