THOMAS A. ABBOTT and another *vs.* ISAAC MORRISSETTE and another.

April 2, 1891.

**Mechanic's Lien Bond—Liability of Sureties.**—The sureties on a bond executed by contractors to a land-owner, pursuant to the mechanic's lien law, are liable for material sold to one of such contractors for the performance of the construction contract, the other contractor having assigned his interest in the contract to his co-contractor.

**Trial by Court—Findings at Variance with Issues.**—The mere fact that a finding of the court is at variance with the issues made by the pleadings does not justify the conclusion that it is erroneous.

Appeal by defendants (sureties in the bond in suit) from a judgment of $1,081.76 in the district court for Ramsey county, where the action was tried by *Otis*, J., a jury being waived.

*Howard L. Smith* and *J. M. Hawthorne,* for appellants.

*Henry C. James,* for respondents.

DICKINSON, J.[1]   This action is prosecuted to recover on a bond executed pursuant to our mechanic's lien law.   The defendants Milsted and Belyea were the principal obligors, and the defendants Morrissette and Matteson were sureties.   In August, 1888, Milsted & Belyea, as partners, entered into a contract with one Sarah R. Perkins, whereby they undertook to furnish the material for and to erect a block of buildings for her and upon her land, for a specified price. Thereupon this bond was executed pursuant to the statute, the bond running to the said Perkins, "for the use of all persons who may do work or furnish materials pursuant to the contract" for construction, which is specifically referred to.   The condition of the bond is that "Milsted & Belyea shall pay all just claims for all work done and to be done, and all materials furnished and to be furnished, pursuant to said contract, and in the execution of the work therein provided for." After the plaintiffs had sold some building material to Milsted & Belyea, (the right to recover for which on the bond is not disputed,) Milsted & Belyea dissolved their partnership relation, Belyea assigning to Milsted all his interest in this construction contract, and Milsted went on and completed the performance of it.   After that dissolution and assignment, the plaintiffs, without knowing that fact, sold to Milsted other material for the construction, and which was used for that purpose.   The sureties on the bond claim that they are not liable for sales made to one of the two contractors after the withdrawal of the other.

This defence cannot be sustained.   The obligation of the principal obligors and of the sureties is not limited to debts contracted by such principal obligors, the original contractors.   The bond is executed under and in pursuance of the statute, and is intended to have a wider scope and effect.   It is to be read in connection with the statute.   It takes the place of, becomes a substitute for, the statutory lien to which laborers and material-men are entitled, in the absence of such a bond.   The statute provides that, upon the execution and

[1] Vanderburgh, J., took no part in this case.   Mitchell, J., took no part in the decision, being absent when it was filed.

approval of such a bond, no lien shall attach to the property. Gen. St. 1878, c. 90, § 3. The bond by its terms, as the law contemplates it should, embraces the undertaking that the contractors Milsted & Belyea should pay for labor and material furnished pursuant to the contract with the owner, and in the execution of the work therein provided for. That covers this case. The material sold by the plaintiffs was furnished pursuant to the contract for the constructing of this block of buildings, and in execution thereof, within the meaning of the statute, and of the bond when read in the light of the statute. To show that it is not essential to the liability of these sureties that the principal obligors, Milsted & Belyea, should have both purchased the material for which a recovery is sought, we need only to call attention to the fact that those contractors might have sublet the whole contract, or any particular part of it, and yet unquestionably these sureties would have been responsible for material supplied to the subcontractor, and used by him in performing the original contract, although Milsted & Belyea would not have been personally bound to the seller, unless by force of the bond. If the limited effect for which the appellants contend were given to the bond,—if the withdrawal of one of several contractors, or an assignment by one of them or all of them, is effectual to discharge the sureties as to material or labor afterwards supplied in the performance of the original contract,—the result would be either that such bonds afford very uncertain security to the land-owner against the liens of material-men and laborers, or else that the latter class do not enjoy the protection which the statute professes to give them.

Although the findings of the court embrace a fact which is claimed to be at variance with the issues made by the pleadings, that cannot be said to have been erroneous, in the absence of a bill of exceptions or a case. The fact may have been admitted or established by evidence directed to that subject, and received without objection. *Jones* v. *Wilder*, 28 Minn. 238, (9 N. W. Rep. 707.)

Judgment affirmed.