[L. A. No. 4154.   Department One.—May 31, 1918.]

W. J. BRICKER, Respondent, v. ROLLINS & JARECKI et al., Defendants; COUNTY OF LOS ANGELES (a Municipal Corporation), Respondent; AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant; and Consolidated Causes.

PUBLIC WORKS—HIGHWAY—CONSTRUCTION FOR COUNTY—BOND OF CONTRACTOR—RENTAL OF TEAMS AND TOOLS.—The rental of teams and tools used in the construction of a highway under contract with a county is included within the meaning of the word "supplies" in a bond given by the surety for the contractor under the act of 1897 (Stats. 1897, p. 201).

ID.—LIABILITY OF SURETY—PROVISIONS AS "SUPPLIES."—Provisions and merchandise such as flour, meat, butter, barley, and like articles consumed by the men and teams during the construction of a highway under contract with a county, and also powder, caps, and fuse used in the work, are "supplies," for which the surety is liable on a bond furnished under the Statutes of 1897, requiring the contractor to give a bond to pay for supplies.

ID.—SUPPLIES FURNISHED TO A RECEIVER.—Where the firm of contractors engaged in the construction of a highway under contract with a county became involved in partnership litigation, in which a receiver was appointed, who took charge of the affairs of the partnership and attempted to proceed with the work under the contract, the receiver was the official agent and representative of the firm in all that he did in these respects, and the surety on the bond given by the contractor under the Statutes of 1897, for materials and supplies was as much responsible for materials and supplies furnished to the receiver as though the principals had themselves incurred the liabilities in the performance of the work.

ID.—TIME FOR FILING CLAIM.—In such case, under the Statutes of 1897, as amended by the Statutes of 1911, claims filed within ninety days after the completion of contract work on a highway for a county, and suits brought thereon against the surety on the contractor's bond within six months after the filing of such claims are in time.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Bicksler & Smith, for Appellant.

M. M. Meyers, Harriman, Ryckman & Tuttle, Walton J. Wood, W. W. Clary, George E. Cryer, J. H. De La Monte, W. G. Van Pelt, Clyde R. Burr, Carroll Allen, Bertin A. Weyl, Chas. H. Mattingly, Sam B. Dannis, J. C. Craig, James, Smith & McCarthy, G. C. De Garmo, and A. J. Hill, for Respondents.

RICHARDS, J., *pro tem.*—This was an action arising out of a contract entered into between the defendants Rollins & Jarecki and the county of Los Angeles for the furnishing of the materials and performing the work necessary to the proper construction of the Santa Susanna Pass Highway in said county. The defendant and appellant American Surety Company of New York furnished the bond of said contractor for the due performance of the terms of said contract. After the work had proceeded for some time the members of the firm of contractors became involved in disputes among themselves, as a result of which Jarecki brought an action against Rollins, and in said action caused a receiver to be appointed, who took charge of the affairs of the partnership and attempted to proceed with said work, but after a few months abandoned it and the county of Los Angeles completed the work. Several suits were filed by various persons to recover upon claims for materials and supplies furnished in the earlier stages of said work to the contractors and to the receiver, the American Surety Company of New York being made a party to these suits, and recovery being brought against it upon its bond. In these suits there were a number of interventions on the part of other claimants, but the suits were finally consolidated and tried together. The court rendered judgment against the said American Surety Company of New York upon certain of these claims, and from such judgment it prosecutes this appeal. Before considering the nature of the several claims involved in this appeal it would be well to notice the language of the statute providing for such work and of the bond required by it upon which the rights of the several claimants to recover must be predicated. The statute provides that every contractor to whom is awarded a contract for doing any mechanical work by a county shall give a bond conditioned that if the contractor "fails to pay for any materials and sup-

plies furnished for the performance of the work contracted to
be done, or for any work or labor done thereon of any kind,
the sureties will pay,'' etc., and further provides that ''any
materialman, person, company or corporation furnishing
materials or supplies used in the performance of the work,''
etc., whose claim has not been paid by the contractor, must file
his claim within ninety days with the governing body by whom
the contract was awarded, and must begin his action upon the
bond within six months thereafter [Stats. 1897, pp. 201, 202,
secs. 1, 2]. The bond in the cases before us was conditioned
that ''If said principals as contractors in said contract fail to
pay for any materials or supplies furnished for the perform-
ance of the work contracted to be done in and by said contract,
or for any work or labor done thereon of any kind, said surety
will pay the same,'' etc.

The first contention urged by the appellant American
Surety Company of New York is that the trial court was in
error in rendering any judgment against it and in favor of
several of said claimants for the hiring of mule teams let by
them to the contractor or to the receiver for use by either of
them in connection with the work. In making this contention
the appellant chiefly relies upon the case of *Wood, Curtis
& Co.* v. *El Dorado Lumber Co.,* 153 Cal. 231, [126 Am. St.
Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585, 94 Pac.
877]. That case, however, arose out of an attempt to enforce
a mechanic's lien claimed to have been created under section
1183 of the Code of Civil Procedure as it read prior to its
amendment in 1911, when it did not by its terms provide for
liens in favor of teamsters or draymen, but was limited in its
application to mechanics, materialmen, and all other persons
and laborers performing labor or furnishing materials to be
used or consumed in the structure. The court in that case
held that the plaintiff by letting his horses to the contractor
at a stipulated price per month could not be held to have
bestowed labor upon the structure so as to entitle him to a
lien for the rental of such horses under the terms of section
1183 of the Code of Civil Procedure as it then read. On the
other hand, respondent insists that this case is to be governed
by the doctrine announced in the case of *French* v. *Powell,* 135
Cal. 636, [68 Pac. 92], which involved an action upon a bond
given under the provisions of the act of 1897 as was the bond
in this case, and in which this court held that a plaintiff had

furnished the contractor, a teamster, two horses, and a scraper at an agreed price per day for the doing of the work to be performed under his contract. The court there held the rental of the team to be a proper charge to be recovered in an action on the bond. In its most recent rulings as to the construction to be placed upon the above-quoted terms of the statute under which the public work involved in the instant case was to be done, the courts have adopted the views expressed in the case of *French* v. *Powell, supra,* and have amplified somewhat upon the reasoning which sustains these views. In the case of *Associated Oil Co.* v. *Commary-Peterson Co., Inc.,* 32 Cal. App. 582, [163 Pac. 702], in which a rehearing has been denied by this court, it was held that a plaintiff furnishing gasoline to a contractor for the doing of certain construction work upon the state highway under the provisions of the act of 1897, for the price of which he brought an action upon the bond, which was in the precise form of the bond involved in the instant case, was entitled to recover therefor. The court in that case held the motive power applied by the use of gasoline in the operation of the trucks which hauled the gravel, cement, etc., to be used in the construction of the highway, was thus inseparably connected with and used in the performance of the work provided by the contract to be done and by the bond to be paid for; and the court cites numerous other cases arising under similar statutes where action for the recovery of the price of various forms of motive power and energy expended in the performance of like work have been upheld. The court also differentiates between cases brought under the mechanic's lien law prior to the amendment of the Statute of 1897. We are unable to perceive any distinction in principle between the case at bar and the foregoing cases of *French* v. *Powell, supra,* and *Associated Oil Co.* v. *Commary-Peterson Co., supra.* In the case of the rental of animals or of machinery applying motive power to the performance of the work to be done under the contract, it is the energy of the instrumentality for which the price is paid, and that energy, whether in vital or mechanical or fluid form, is the thing which is supplied for and used in the work. It may not, in the strict sense, be embraced in the definition of the word "materials," but we think it may fairly be included within the meaning of the more comprehensive word "supplies." In the adoption of these views we are not without persuasive authority from other jurisdictions.

These cases are referred to and discussed ·in the case of *Sherman* v. *American Surety Co.*, *ante* p. 286, [173 Pac. 161], and the conclusions in that case arrived at are hereby approved. The foregoing reasoning applies also to the rental of tools the use of which contributed to the performance of the work. It was the use of the tool and not the tool itself which formed the basis for the claim of recompense. Our conclusion is, therefore, that the appellant's contention as to those claims which involve the rental of mules or tools for use in the performance of the work cannot be sustained.

The next contention of appellant has reference to the alleged error of the trial court in giving judgment in favor of those claimants who furnished provisions and merchandise, such as flour, meat, butter, barley, hay, and like articles sold to the receiver and consumed by the men or teams during the progress of the work, and also for powder, caps, and fuse used by them in connection with said work. As to this class of claims a less difficult question· is presented, arising out of the broader meaning to be given to the word "supplies," as used in the statute and bond. The ordinary meaning of this term in its general and accepted use is such as to include goods, wares, and merchandise of almost every kind and nature, whether used in the household or on the farm, or in any sort of productive or constructive work requiring the labor or service of men or animals or machinery. In the instant case they were furnished to be used, and were actually used, in advancing the work to be done under this contract, and in that sense entered into and became a component part of it and of the thing produced by it. This being so, we are of the opinion that as to the above classes of claims the trial court was correct in their allowance. (*Brogan* v. *National Surety Co.*, 246 U. S. 257, [62 L. Ed. 703, 38 Sup. Ct. Rep. 250]; *People* v. *Pullman's Palace Car Co.*, 175 Ill. 125, [64 L. R. A. 366, 51 N. E. 664]; *Wright* v. *Walton*, 56 Miss. 1; *Gibbons* v. *The Fanny Barker*, 40 Mo. 253; *Conner* v. *Littlefield*, 79 Tex. 76, [15 S. W. 217].) The appellant, however, contends that even if it be· conceded that the appellant would be liable upon its bond for supplies furnished for the work and labor performed for the contractor, it is not to be held liable for either or any of these things furnished to the receiver of the contracting firm. There is no merit in this contention. The receiver appointed by the court to take charge of the property and

affairs of the firm and to carry on the work which was required to be done in the performance of said contract was the official agent and representative of the firm in all that he did in these respects, and his acts and obligations in so doing were the acts and obligations of the principals upon this bond, and for these the surety on the bond is as much responsible as though the principals had themselves incurred these liabilities in the performance of the work. A case very much in point upon this subject is that of *Abbott* v. *Morrissette,* 46 Minn. 10, [48 N. W. 416].

The contention of the appellant that certain of the claims upon which some of the suits were brought were not filed in time is without merit. The time for filing such claims prior to the institution of actions thereon under the original act of 1897, providing for public work of this character, was enlarged by the amendment of the statute in 1911, and under the terms of said amendment all of the claims for which these suits were brought were filed in time.

It follows that the judgment should be affirmed, and it is so ordered.

Sloss, J., and Shaw, J., concurred.