CARL G. WESTLING AND ANOTHER v. REPUBLIC
CASUALTY COMPANY OF PITTSBURGH AND ANOTHER.[1]

November 23, 1923.

No. 23,692.

**Surety on statutory bond of public contractor not liable for groceries or meat consumed by workmen.**

Provisions, groceries and meats are not included in the word "materials" as contained in section 8245, G. S. 1913, requiring public contractors to furnish bonds, and persons furnishing such cannot collect from the surety on such bonds.

Action in the district court for Chisago county to recover $984.06 on a surety bond. From an order sustaining defendants' demurrer to the complaint, Searles, J., plaintiffs appealed. Affirmed.

*Raymond C. Andrews*, for appellants.

*Herbert T. Park*, for respondents.

WILSON, C. J.

On March 18, 1920, one W. S. Harris entered into a contract with the county of Chisago in this state, under the terms of which Harris undertook to construct a public highway, known as Division No. 1 of State Road No. 5, Federal Aid Project No. 95. The contractor furnished the usual bonds required of public contractors by section 8245, G. S. 1913, which were executed by the defendants.

The contractor sublet this work to Gillis-King Company, who did the work, and, in connection therewith, maintained a construction camp at which it furnished to its laborers, employed by it, board and lodging.

Gillis-King Company, while engaged in this work, bought from the plaintiffs groceries and provisions which were used at the camp. The subcontractor also bought meats from one Martin Peterson, which were used in the construction camp, and Peterson, not being paid for such meats, assigned his claim to the plaintiffs, who now

[1]Reported in 195 N. W. 796.

set forth the matters relating to the groceries and provisions as the first cause of action in the complaint, and the matters relating to the meats in the second cause of action in the complaint. This action is now brought against the defendants who were the sureties on the bonds which Harris furnished, in which it is sought to hold the surety companies liable for the groceries, provisions and meats so furnished.

Defendants interpose a demurrer to the complaint on the ground that the facts therein stated do not constitute a cause of action. The trial court filed an order sustaining the demurrer, and plaintiffs have appealed from that order.

The complaint is properly framed and covers all the necessary elements, but the demurrer raises the question as to whether provisions, groceries and meats are within the language of the statute.

Section 8245, G. S. 1913, requiring public contractors to give bonds, in part says: "No contract with the state, or with any municipal corporation * * * for the doing of any public work, shall be valid for any purpose unless the contractor shall give bond to the state or other body contracted with, for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery or materials under, or for the purpose of such contract * * * "

If plaintiffs can maintain this action, it must be upon the theory that groceries, provisions or meats are included in the word "materials" as used in the statute.

Appellants' counsel has filed a well written brief in support of his contention and cites the case of Brogan v. National Surety Co. 246 U. S. 257, 38 Sup. Ct. 250, 62 L. ed. 703, L. R. A. 1918D, 776, in support of his claim. The Brogan case rests exclusively on its own facts and is in no way controlling here; nor is it inconsistent with our conclusion in this case.

Under our construction of the statute, provisions, groceries and meats are not included in the word "materials," and hence defendants cannot be held liable therefor. Fay v. Bankers Surety Co. 125 Minn. 211, 146 N. W. 359, Ann. Cas. 1915C, 688; McKinnon v. Red River Lumber Co. 119 Minn. 479, 138 N. W. 781, 42 L. R. A. (N. S.) 872; Miller v. American Bonding Co. 133 Minn. 336, 158 N. W. 432.

Our conclusion herein is supported by the intention of the legislature as to the meaning of the word "materials" as reflected by chapter 373, p. 534, Laws 1923, which amends the statute, so as to include equipment and supplies for any camp maintained for the feeding or keeping of men and animals.

Order affirmed.

On December 14, 1923, the following opinion was filed:

WILSON, C. J.

The petition for reargument is denied. The language used in the opinion in reference to the Brogan case may have left the impression that, in some cases and under some circumstances, meats and groceries might be "materials" within the statute. Such inference must not be drawn, as this court declines to follow the Brogan case and other authorities considered on petition for reargument holding to the same effect.