GEORGE PAYSENO, Appellant, v. THE PADGETT COMPANY, a Corporation, et al. and

THE NORTHERN TRUST COMPANY, a Corporation, Respondent.

(212 N. W. 836.)

**Municipal corporations — contractors' bonds protect those furnishing labor or material.**

1. Section 6832 of the Supplement to the 1913 Compiled Laws and § 6833 of the Compiled Laws for 1913, which require public officers and boards au-

Annotation.—(1, 3) Nature of labor or materials which will support an action upon a contractor's bond, see annotation in 43 L.R.A.(N.S.) 162; L.R.A.1915F, 951; 22 R. C. L. 632, 3 R. C. L. Supp. 1273; 4 R. C. L. Supp. 1473.

(2) As to construction and validity of statutory bond, see 4 R. C. L. 53; 1 R. C. L. Supp. 1043.

thorized to enter into contracts for public improvements to take from the contractor a bond conditioned to be void if the contractor and all subcontractors shall pay all bills and claims on account of labor or materials furnished in and about the performance of the contract, at the peril of being held personally liable, and § 607a6 of the Supplement to the 1913 Compiled Laws, specifically requiring bonds from contractors for highway work, are designed to afford protection to those furnishing labor, service or material entering into a public improvement.

**Bonds — statutory — how construed.**

2. A statutory bond will be construed in the light of the purpose for which it is required as expressed in the statute.

**Highways — one furnishing horses for work on highway within contractor's bond.**

3. One furnishing for hire horses which are used in the prosecution of highway work under a contract performs a service within the condition of a bond protecting persons performing any labor or services or furnishing material in the performance of the contract.

Opinion filed February 14, 1927. Rehearing denied March 15, 1927.

Bonds, 9 C. J. § 52 p. 33 n. 55 New. Highways, 29 C. J. § 353 p. 612 n. 65. Municipal Corporations, 28 Cyc. p. 1042 n. 67 New.

Appeal from the District Court of Benson County, *Buttz, J.*
Reversed and remanded.
*Geo. Thom, Jr.,* for appellant.
*Pierce, Tenneson, Cupler & Stambaugh* and *Wardrope & Butterwick,* for respondent.

BIRDZELL, Ch. J. This is an action brought to recover a sum of money which the plaintiff claimed to be due him for the hire of horses which were used by the defendant, the Padgett Company, in certain road work in Wells county. The other defendant, the Northern Trust Company, is surety on two contract bonds, covering the projects upon which the horses were used. In the lower court the plaintiff had judgment against the Padgett Company for $2,026, plus interest and costs. Both the plaintiff and the defendant, the Northern Trust Company, moved for a directed verdict, whereupon the court held that the hire of the horses did not come within the bond and gave judgment of dismissal and for costs in favor of the company. The plaintiff appeals

from that portion of the judgment. The single question involved in this court is whether or not the amount due the plaintiff from the Padgett Company for the hire of horses used upon the project in question is within the protection of the bonds. Separate bonds were executed covering sections A and B of the project in question. They are similar in form, differing only as to amount. The bond reads:

"Know All Men By These Presents, that we, the Padgett Company of Leeds, N. D., (hereinafter called the Principal) and the Northern Trust Company, Fargo, North Dakota (hereinafter called the Surety) are held and firmly bound unto the State of North Dakota and to any person or persons performing any labor or services or furnishing any material used in the performance of the terms and conditions of this contract hereinafter mentioned, in the sum of Twenty-eight Thousand Three and 19/100 Dollars ($28,003.19) good and lawful money of the United States of America, to the payment of which sum of money, well and truly to be made, the said Principal binds himself, his heirs, executors, administrators or assigns and the Surety binds itself, its successors or assigns, jointly and severally, firmly by these presents.

"Signed, sealed and dated this 4th day of Sept. 1923.

"Whereas, Said Principal has entered into a certain written contract, bearing the date of the first day of June, 1923 with the North Dakota State Highway Commission and Wells County for the construction of a certain section of a State Highway known as Federal Aid Project No. 175 Section B, Road Grading and Incidental Items, in the County of Wells, North Dakota:

"Now Therefore, the condition of the foregoing obligation is such that, if the said Principal shall well, truly and faithfully comply with and perform all the terms, covenants and conditions of said contract, on his part to be kept and performed according to the terms and tenor of said contract, and shall protect the said State of North Dakota and any person or persons performing any labor or services or furnishing material to be used in the performance of the terms and conditions of this contract against any loss and shall pay any excess of cost as provided in said contract, and all amounts, damages, costs, judgments which may be recovered against said State or its officers or agents, or which the said State of North Dakota may be called upon to pay to any person or corporation by reason of any damages arising or growing

out of the doing of said work or the repair thereof or the manner of doing same, or the neglect of the said Principal or his agents or servants, or the improper performance of the said work by the said Principal or his servants or agents, or from any other cause; and the above bounden Principal, his heirs, executors or administrators or assigns, shall and do well and truly pay or cause to be paid the wages stipulated and agreed to be paid to each and every laborer employed by the said Principal or his agents, and shall well and truly pay for any and all material for which payment under terms of this contract is to be made by them, then this obligation is null and void; otherwise to remain in full force and virtue.

"And the said Surety hereby stipulates and agrees that no change, extension, alteration, deduction or addition in or to the terms of said contract or the plans or the specifications accompanying the same as provided for therein, shall in any wise affect the obligation of said Surety on his bond."

The statute, § 607a6, Supplement to the 1913 Compiled Laws, requires the successful bidder for road work to furnish a bond in such amount as may be determined by the state engineer, subject to the approval of the state highway commission. Section 6832 of the Supplement to the 1913 Compiled Laws makes it the duty of every board authorized to enter into a contract for any public improvement to take from the contractor a bond "conditioned to be void if the contractor and all subcontractors shall pay all bills and claims on account of labor or materials furnished in and about the performance of said contract," and the following section provides that any officer and the members of any board that shall fail to take such bond shall be personally liable. The bond quoted above was required by, and doubtless furnished in compliance with, the foregoing statutes and is to be construed in the light of their evident purpose. Judge of Probate v. Ordway, 23 N. H. 198; 9 C. J. 32; Multnomah County v. United States Fidelity & G. Co. 92 Or. 146, 180 Pac. 104. It was said in Judge of Probate v. Ordway, supra (page 206): "We notice the kind of bond the law authorizes the judge to receive, and requires him to exact. Thus we know what the parties must have intended, much better than by any general rules of construction; and we are bound to give to the language used, such construction as will give effect to the intention of the law,

and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may be drawn, and though some of the expressions used might even be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation, and without that same light which the statutes afford us as to the intention of the parties and of the probate court."

In commenting upon the purpose of §§ 6832 and 6833, supra, this court has heretofore stated that these provisions were designed to afford laborers and materialmen a measure of security for their contributions to public improvements similar to the security of a mechanic's lien for improvements of private property and to minimize any public embarrassment that might result from the construction and use of an improvement for which the contractor may have been fully paid while laborers, materialmen and sub-contractors remain uncompensated. See Thompson Yards v. Kingsley, 54 N. D. 49, 208 N. W. 949.

The pertinent condition of the bond in suit is that the obligors "shall protect the said state of North Dakota and any person or persons performing any labor or services or furnishing material to be used in the performance of the terms and conditions of this contract against any loss."

The question is, does the furnishing of horses to the contractor for hire upon the particular work constitute the performance of labor or services or the furnishing of material within the condition?

A finished improvement will embody nothing of value that might not be classed as labor, service or material, and the clear intent of both the contract and the statute is to protect all persons who have furnished either labor, service or material. The only word in the condition of the bond that militates against a construction which will protect one who has furnished for hire the horsepower by which quantities of earth were moved is the word "performing." Of course, the person who furnished the horses that rendered this service did not himself perform the service, but in a sense the furnishing of the horsepower by the owner of the horses was in itself the performance of a service that entered into the completed job. Had the arrangement between the plaintiff and the contractor been one whereby the plaintiff agreed to turn over to the defendant on the job each day ten teams of horses to

be used upon scrapers under the control of men hired by the contractor and to retake them into his care at the close of the day's work, it could not reasonably be contended that this would not have constituted the performance of a service. A transaction contemplating but one delivery and retaking of the teams is not essentially different. The plaintiff by furnishing the horses performed a service that directly contributed to the completed job. We are clearly of the opinion that his claim is within the protection of the bond. The following authorities will be found to amply substantiate our conclusion: Bricker v. Rollins, 178 Cal. 347, 173 Pac. 592; Dawson v. Northwestern Constr. Co. 137 Minn. 352, 163 N. W. 772; Multnomah County v. United States Fidelity & G. Co. 87 Or. 198, L.R.A.1918C, 685, 170 Pac. 525; Id. 92 Or. 146, 180 Pac. 104; National Surety Co. v. Bratnober Lumber Co. 67 Wash. 601, 122 Pac. 337; American Surety Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 717; United States use of Norfolk S. R. Co. v. D. L. Taylor Co. (D. C.) 268 Fed. 635; Long v. Union Trust Co. (D. C.) 272 Fed. 699; Taylor v. Connett (C. C. A. 4th) 277 Fed. 945; Illinois Surety Co. v. John Davis Co. 244 U. S. 378, 61 L. ed. 1206, 37 Sup. Ct. Rep. 614.

That portion of the judgment appealed from is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff against the defendant company.

CHRISTIANSON, NUESSLE, BURKE, and BURR, JJ., concur.