STANDARD OIL COMPANY v. E. F. REMER AND OTHERS.[1]

February 18, 1927.

No. 25,853.

**Liability of surety of public contractor for supplies furnished workmen prior to 1923 act.**

Provisions and commissary supplies are not materials within G. S. 1913, § 8245, requiring public contractors to furnish bonds for the payment of materials used in construction, though because of the remoteness of the construction it is necessary for the contractor to provide boarding camps, following Westling v. Republic Cas. Co. 157 Minn. 198.

Highways, 29 C. J. p. 612 n. 65.

Interveners Eimon Mercantile Company and Armour & Company appealed from a judgment of the district court for St. Louis county,

[1]Reported in 212 N. W. 460.

Grannis, J., in favor of defendant Aetna Casualty & Surety Company. Affirmed.

*Lathers, Hoag & Lacy*, for appellants.

*Abbott, MacPherran, Dancer, Gilbert & Doan*, for respondents.

DIBELL, J.

Action to recover on a bond of a public road contractor. The Eimon Mercantile Company and Armour & Company intervened. The former sought to recover $1,584.70 for groceries and provisions and commissary supplies furnished the defendant Remer, the contractor and principal in the bond. The Armour company sought to recover $1,249.12 for meat furnished. Judgment was entered in favor of the interveners against Remer and in favor of the Aetna Casualty & Surety Company against the interveners. They appeal from the judgment in favor of the Aetna company.

The bond was executed pursuant to G. S. 1913, § 8245, which requires a bond "conditioned for the payment, as they become due, of all just claims for such work, tools, machinery, skill and materials, for the completion of the contract in accordance with its terms," etc.

The court finds that the road work to be performed was in a comparative wilderness, the nearest settlement being ten to twenty miles away from different portions of it, that there were no boarding houses or hotels sufficient to house and feed the men within a reasonable distance, and that it was necessary for the contractor to erect and maintain camps, and purchase and supply provisions for the men on the work.

The case of Westling v. Republic Cas. Co. 157 Minn. 198, 195 N. W. 796, is controlling. There the complaint alleged "that by reason of the lack of accommodations for said laborers in the vicinity of said highway and in order to perform said construction work," the contractor was compelled to "maintain a construction camp at which it furnished * * * the required board and lodging." Construing the statute, the one now before us, it was held that the surety was not liable for provisions, groceries and meats furnished the contractor.

Further discussion is unnecessary. It may be noted that by subsequent legislation the scope of the required bond is enlarged. L. 1923, p. 534, c. 373; G. S. 1923, § 9700.

Judgment affirmed.