GEORGE A. YARGER and J. M. Yarger, Copartners, Doing Business as Yarger Brothers, Respondents, v. THE DAKOTA TRUST COMPANY, a Corporation, Appellant.

(215 N. W. 209.)

**Highways — contractor — claims recoverable from surety on bond of contractor.**

1 Following the rule laid down in Payseno v. Padgett Co. ante, 154, it is held: that the hire of horses and machinery furnished to a road builder for use in the construction of a highway and the labor claims for work done are recoverable from a surety on a bond to protect "any person or persons performing any labor or services or furnishing material to be used in the performance of the terms and conditions of this contract against any loss," and to "well and truly pay or cause to be paid the wages stipulated and agreed to pay to each and every laborer employed" and that the contractor should "well and truly pay for any and all material for which payment under the terms. of this contract" is to be made.

**Highways — contractors — certain claims not recoverable from surety on bond.**

2. Gasoline for generating power in said machinery, and oil for lubricating the machinery are not recoverable under the terms of the aforesaid bond.

Opinion filed April 21, 1927.   Rehearing denied August 16, 1927.

Highways, 29 C. J. § 353 p. 612 n. 65.

---

Annotation.— (1) As to right of subcontractor, materialman or laborer, to maintain action on contractor's bond to owner, see annotation in 27 L.R.A. (N.S.) 573; 21 R. C. L. pp. 785, 786; 3 R. C. L. Supp. 1207; 4 R. C. L. Supp. 1440.

Appeal from the District Court of Dunn County, *Lembke, J.*
Modified and affirmed.

*W. J. Lorshbough (Lemke & Weaver* of counsel), for appellant.

"The surety is a favorite of the law, and has the right to stand upon the strict terms of his obligation when such terms of his obligation have been ascertained. This rule is applicable in all circumstances." State v. Padgett, 54 N. D. 211, 209 N. W. 388.

"Obligation of a surety guaranteeing faithful performance of a contract is as broad as the contract but does not extend beyond its terms." (Iowa) 194 N. W. 734.

"No lien exists for the rental of machinery leased to a contractor for public work, under the statute providing for a lien for the value or contract price of materials furnished to the contractor upon the money due under the contract." Troy Public Works Co. v. Yonkers, 207 N. Y. 81, 100 N. E. 700.

"Labor in the language of the business world means one who labors with his physical powers in the service and under the direction of another for fixed wages. This is the common meaning of the word and hence its meaning in the statute." Missouri State Highway Com. v. Cooper's Constr. Co. (Mo.) 268 S. W. 701.

*T. F. Murtha* and *J. W. Sturgeon,* for respondents.

"Claims for horses and tools used in highway construction are 'supplies,' if not 'materials,' and may be recovered; also flour, meat, butter, hay, and like articles consumed by the men and horses, and powder, caps, etc., all actually used in advancing highway work, are 'supplies,' within the law requiring contractors to furnish bond to pay for 'supplies.' "

Burr, J. In 1925 the firm of Moyer & Kennedy contracted with the North Dakota highway commission and the county commissioners of Dunn county to build a certain highway, and furnished a bond for the faithful performance of said contract with the defendant as the surety. This bond was to be null and void if the firm of Moyer & Kennedy would, among other things, protect "any person or persons performing any labor or services or furnishing material to be used in the performance of the terms and conditions of this contract against any loss," and "well and truly pay or cause to be paid the wages stipu-

lated and agreed to be paid to each and every laborer employed" by Moyer & Kennedy, and "shall well and truly pay for any and all material for which payment under the terms of this contract" is to be made by Moyer & Kennedy.

The stipulated facts show that Moyer & Kennedy began work on this project in 1925, and between August 2, 1925, and November 5, 1925, hired men and teams of horses from plaintiffs for work on this highway; employed other laborers including one Claren Yarger whose claim of $70 was assigned to the plaintiffs; hired horses and an Aultman Taylor tractor from one Fred Fridley, whose claim is assigned to the plaintiffs—the charge for the tractor being $240; and purchased from Frank A. Cleveland gasoline and oil used in the operation of machinery employed in the construction of the highway, which gasoline and oil are of the value of $112.43, this claim being assigned to the plaintiffs. The total amount admitted to be due from Moyer & Kennedy for all of these claims is $814.43. The case was tried to the court without a jury, and on the stipulated facts the court ordered judgment for the plaintiffs and against the defendant as surety on this bond for the said sum of $814.43 with costs.

On the appeal to this court the defendant says the district court erred in concluding as a matter of law that the plaintiffs should have and recover judgment against the defendants for this $814.43 and in ordering judgment for this amount with costs.

The question to be determined by this court is whether the claim of the plaintiffs comes within the liability on the bond. Plaintiffs' claim includes hire of horses and machinery furnished to the road builders for use in the construction of the highway, and gasoline and oil used in the operation of the machinery. There is no serious contention but what the claim for the labor of Claren Yarger is a just claim which should be paid, but this item amounts to but $70.

In so far as the plaintiffs seek to recover for the use of the horses and the tractor this case is determined by the principles laid down in the case of Payseno v. Padgett Co. decided in the February, 1927, term. ante, 154, 212 N. W. 836. In the light of the holding in the case cited the district court did not err in rendering judgment for these items.

This leaves but one item to be determined, the charge made for the gasoline and oil. Plaintiffs say that the gasoline and oil furnished are

such material as come within the condition of the bond requiring the contractor to protect anyone "furnishing material to be used in the performance of the terms and conditions of this contract." The defendant says that the only material under contemplation is the material used in the construction of the highway; that is, material that goes directly into the highway and which becomes a part of the same. In George H. Sampson Co. v. Com. 202 Mass. 326, 88 N. E. 911; in Shultz v. C. H. Quereau Co. 210 N. Y. 257, L.R.A.1915E, 986, 104 N. E. 621, Ann. Cas. 1915B, 965, and in Alpena use of Gilchrist v. Title Guaranty & Surety Co. 168 Mich. 350, 134 N. W. 23, it was held that the coal used in operating the machinery employed in the construction of the work was not such material as was covered by the bond. In Philadelphia use of Taylor v. Malone, 214 Pa. 90, 63 Atl. 539, there was a bond given wherein the surety agreed to be liable in case a contractor failed to pay what might be due for "material furnished and supplied or performed in and about the said work." The contractor was "to furnish all the material and perform all the labor required in constructing a reservoir." It was held this did not include the coal used in generating the steam to run the steam shovel and locomotive used in excavating. In Pierce Oil Corp. v. Parker, 168 Ark. 400, 271 S. W. 24, it is held that oil and gasoline furnished to a subcontractor to be used in trucks hauling gravel for the construction of the road were not within the purview of the bond. In the latter case the terms of the bond were to the effect that the contractor should "promptly make payment to all persons supplying him—labor and materials in the prosecution of the work provided for in such contract." Plaintiff cites the case of Bricker v. Rollins, 178 Cal. 347, 173 Pac. 592, where the court holds that flour, meat, butter, hay, etc., consumed by the men and the horses as well as powder, caps and fuse used in the construction of the highway were all protected or covered by the bond. In this California case the bond was given to protect those who furnished materials or *supplies* "for the performance of the work contracted to be done in and by said contract." It will be noticed that the terms of this bond are broader than the terms of the bond involved in the case at bar. In this California case the bond covered supplies furnished for the performance of the work, whereas in the case at bar there is no reference to supplies, and the material covered by the bond

is material·used in the performance of the terms and conditions of the contract. The contract was a contract to build the highway, and the material referred to in the bond is material which was used in the highway. The reported cases show wide variation as to claims which may be recovered in suits on bonds given for construction work. Some bonds are clearly intended to cover all cases similar to cases where mechanics' liens could be filed and are intended to be comprehensive enough to cover all classes who, in mechanic's lien cases, would be protected. Other bonds have in mind the character of the work being done—public improvement work under the general system of highway construction in vogue to-day—and limit the recovery to those things which the public gets in the work constructed—labor in grading and excavating, whether it be by men, horses or machinery; cement, lumber, steel and such material as form a part of the highway itself. The liability on the bond is to be determined by its terms in the light of the statute, which requires it, as this court has already indicated in the case of Payenso v. Padgett Co. supra. In some of the cases oil and gasoline are considered to be within the terms of the bond such as the case of Johnson v. Starrett, 127 Minn. 138, L.R.A.1915B, 708, 149 N. W. 6, but here the bond was given under a mechanic's lien statute which required protection to those who contribute to the improvement of real estate by furnishing material for any of the purposes hereinafter stated, and says that such a person shall have a lien for the value of such contribution. Some courts consider dynamite used in blasting as within the protection of the bond, but this is because the material is used directly in the highway, for the highway, in physical contact with the highway, even though in a negative manner. On the other hand, it is held that under a contract where the contractor is required to pay promptly for "material, machinery, appliances and supplies of every kind and nature furnished and used in and about the work contemplated in the contract," a bond given to secure such payments is not broad enough to include meat used in the feeding of the employees whose board bills were deducted from their wages. Oliver Constr. Co. v. Erbacher, 150 Ark. 549, 234 S. W. 631. See also Standard Oil Co. v. Remer, 170 Minn. 298, 212 N. W. 460. The bond in question binds the defendant to pay those persons who furnish "material to be used in the performance of the terms and conditions

of this contract," and also to "pay for any and all material for which payment under the terms of this contract" is to be paid by the contractor. The surety on such bond cannot be held for material which was not used in building the highway. The gasoline and oil were at least one step removed and if the terms of the bond are to be enlarged beyond the ordinary construction there is no reason why several more steps could not be added. There is a relationship in all events, if we go back far enough; but it was clearly the intent of the parties and the requirements of the contract to insure the payment of all labor, material and services that went into the road. We realize there are several jurisdictions which might hold that the gasoline and oil are within the terms of contracts somewhat similar to the one involved; but the better rule is to consider the contract in the light of the intent and in accordance with a fair interpretation of its terms. For this reason we believe the plaintiffs cannot recover for the gasoline and oil furnished.

The judgment, therefore, will be modified so as to strike out the item of gasoline and oil and the interest allowed thereon, and with this modification the judgment is affirmed.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.